**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4355**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD COPELAND, a/k/a Big Eddie,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:05-cr-00135-PMD)

———————

Submitted:  January 10, 2008        Decided:  August 25, 2008

———————

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Guy J. Vitetta, Charleston, South Carolina, for Appellant.
Reginald I. Lloyd, United States Attorney, Carlton R. Bourne, Jr.,
Assistant United States Attorney, Charleston, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Edward Copeland of conspiracy to distribute powder cocaine and cocaine base ("crack") and possession with intent to distribute crack, in violation of 21 U.S.C. § 841(a)(1), (b)(1) (2000), and possession of ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), (e)(1) (2000). The district court sentenced Copeland to life imprisonment, and Copeland timely appealed. Copeland asserts on appeal that the district court erroneously denied his motions to suppress evidence and statements obtained following the service of a subsequently invalidated arrest warrant. The district court found the good faith exception to the exclusionary rule articulated in United States v. Leon, 468 U.S. 897 (1984), applied. We affirm.

We review the district court's factual findings for clear error and the court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 691 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). The evidence is viewed in the light most favorable to the Government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

If a warrant is found to be defective, the evidence obtained from the defective warrant may nevertheless be admitted under the good faith exception to the exclusionary rule. See Leon, 468 U.S. at 922-23. Evidence seized pursuant to a defective warrant will not be suppressed unless: (1) the affidavit contains

- 2 -

knowing or reckless falsity; (2) the magistrate acts as a rubber stamp for the police; (3) the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause; or (4) the warrant is so facially deficient that an officer could not reasonably rely on it. <u>United States v. Wilhelm</u>, 80 F.3d 116, 121-22 (4th Cir. 1996). With these standards in mind, we find no error. We therefore affirm the district court's conclusion that the good faith exception was applicable.

Accordingly, we affirm Copeland's convictions.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*]We deny Copeland's pro se motion for copies of documents.